THE DALLAS JOINT STOCK LAND BANK OF DALLAS V. ROYALL R. WATKINS, DISTRICT JUDGE, ET AL.

No. 6792. Decided November 21, 1934.
(76 S. W., 2d Series, 1042.)

*Robt. B. Burgess* and *Renfro & McCombs,* all of Dallas, for relator.

MR. CHIEF JUSTICE CURETON delivered the opinion of the court.

This case is before us on application for mandamus to require the Honorable Royall R. Watkins, Judge of the 95th District Court, Dallas County, to proceed to trial with this cause pending in his Court. In October, 1924, the respondents, I. J. Gushwa and wife executed a note to the relator for $5,500.00, payable in installments, secured by deed of trust on certain lands in Dallam County. The said respondents defaulted in the payment of the note according to its terms, and on March 12, 1934, the relator filed suit on same in the 95th District Court, Dallas County, Cause No. 7697-D, and for foreclosure of the lien evidenced by the deed of trust. On April 17, 1934, the respondent I. J. Gushwa, filed in the cause in the District Court his application for continuance under the terms of the present Moratorium Law, Chapter 16, Acts of the Second Called Session of the 43d Legislature, effective the 1st day of March, 1934. Upon hearing on the right to such a stay under that Law the respondent, the Honorable Royall R. Watkins, District Judge, granted the application and continued the cause "until the further orders of this Court," solely upon "the Moratorium Law," to which action the relator here excepted.

In the case of The Travelers' Insurance Company v. Marshall, this day decided (ante, p. 45), we have held the Moratorium Law upon which the so-called continuance was granted unconstitutional and void, because in violation of Section 16, Article 1, of the Constitution of Texas, prohibiting the enactment of any measure impairing the obligation of contracts. The District Court therefore acted without authority in staying this foreclosure action. He should have proceeded with the trial of the case in the usual way under the law without reference to the void Moratorium Act.

The mandamus prayed for is awarded.